**UNITED STATES of America,**
**Plaintiff,**

v.

**MIDWAY GARDENS, INC., a Texas corporation, Defendant.**

**No. 11944.**

United States District Court
S. D. Texas,
Houston Division.

June 2, 1959.

William B. Butler, U. S. Atty., and Randolph F. Wheless, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff.

Aaron Goldfarb, Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is now before the court upon plaintiff's motion for summary judgment on the pleadings and affidavits supplied under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff seeks recovery of a deficiency judgment in the sum of $99,679.48 plus interest from the alleged date of default, June 1, 1955, on a deed of trust note executed by defendant. Plaintiff alleges that defendant, Midway Gardens, Inc., was incorporated in Texas to construct and operate a rental housing project. On or about May 26, 1949, defendant for a good and valuable consideration executed and delivered at Houston, Texas, to the South Texas Commercial National Bank, its note payable to said bank in the sum of $336,500 and as security for said note executed and delivered to said bank a deed of trust on certain property. On or about June 1, 1955, defendant defaulted in the payment of an installment of the deed of trust note and all subsequent installments. On or about August 2, 1955, the property described in the deed of trust was sold by the substitute trustee. These allegations have been admitted by defendant in its answers to plaintiff's complaint and request for admissions.

Plaintiff also alleges that said property was purchased for $200,000 and that on or about October 17, 1955, the holder of the deed of trust note and deed of trust, the United States Life Insurance Company of New York, assigned to the Federal Housing Commissioner, an officer of the United States of America, all of its right, title and interest in and to its claim against defendant, including its right to a deficiency judgment. Under Section 608 of the National Housing Act, 12 U.S.C.A. § 1743, the Federal Housing Administration had insured the mortgage loan of $336,500 from the South Texas Commercial National Bank of Houston to defendant for the construction of the housing project. Plain-

tiff alleges that it is still owner and holder of the deed of trust note and that there still remains $99,679.48 plus interest due and unpaid on said deed of trust note. It prays for judgment in such amount and costs. Defendant has maintained at all times that it is without knowledge of the facts upon which it may predicate either an admission or denial of plaintiff's allegations set forth in this second paragraph and would require proof thereof by plaintiff.

In its motion for summary judgment plaintiff recites the facts admitted by defendant and set forth in the first paragraph of this opinion and has supplied a certified copy of the substitute trustee's deed of the mortgaged property and an affidavit of the Comptroller of the Federal Housing Administration to substantiate the remainder of its allegations. By the substitute trustee's deed plaintiff would show that the deed of trust note and deed of trust were assigned by the South Texas Commercial National Bank of Houston to the United States Life Insurance Company of New York before maturity; that after default the said deed of trust note was accelerated according to its terms; and that the property secured by the deed of trust was advertised and sold for $200,000 cash to the United States Life Insurance Company after compliance with the terms of sale set out in the deed of trust. By the affidavit of the Comptroller of the Federal Housing Administration plaintiff shows that the United States Life Insurance Company assigned the rights on this unpaid deficiency of the deed of trust note to the Federal Housing Administration; that the United States of America is still the holder of the note, through its agent the Federal Housing Administration; and that there remains an unpaid balance of $99,679.48 plus interest. It maintains that there is no genuine issue as to any material fact, as defendant has claimed that it was without knowledge of these facts and has not admitted or denied them. Plaintiff seeks, therefore, judgment on the deficiency as a matter of law.

714

The questions are (1) whether plaintiff has satisfied the burden of proof and other requirements of the summary judgment rule and (2) whether as a matter of law judgment should be for the plaintiff.

 As the moving party for summary judgment, plaintiff has the burden under Rule 56 of establishing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This means that the moving party must show quite clearly what the truth is and exclude any real doubt as to the existence of any genuine issue of material fact, though it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment. Plaintiff may meet the burden by using admissions on file, supporting affidavits, and certified copies of documents that meet the requirements of Rule 56. It is the opinion of the court that plaintiff has sustained the burden of proof by production of defendant's admissions, copies of the deed of trust note and deed of trust, the certified copy of the substitute trustee's deed, and the affidavit of the Comptroller of the Federal Housing Administration.

Plaintiff is likewise entitled to a judgment as a matter of law for the balance due on the deed of trust note under the laws of the State of Texas as it has properly shown a good cause of action by appropriate and distinct averments in its complaint. It is necessary for plaintiff to aver some acts on the part of the maker, which, in law, will fix liability on him, such as execution and delivery of the instrument sued on, promise to pay, the sum due on the instrument, its nonpayment, and plaintiff's ownership of the paper. Plaintiff has satisfied these requirements in the allegations of its complaint and subsequent proceedings in this action. See 6 Texas Jurisprudence Secs. 237 et seq. (1930).

Defendant has not replied to plaintiff's motion for summary judgment, which is a failure on the part of defendant to contest plaintiff's proof.

Plaintiff's motion for summary judgment will be granted. The clerk will notify counsel to draft and submit judgment accordingly.